XIANG YIN CHEN, Petitioner,

v.

Alberto R. GONZALES,[1] Attorney
General, Respondent.

No. 06–2954–ag.

United States Court of Appeals,
Second Circuit.

Aug. 28, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Yan Wang, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Sarah Maloney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Xiang Yin Chen, a native and citizen of China, seeks review of a May 31, 2006 order of the BIA affirming the November 12, 2004 decision of Immigration Judge ("IJ") Jeffrey S. Chase denying Chen's application for relief under the Convention Against Torture ("CAT"). *In re Xiang Yin Chen*, No. A 78 759 278 (B.I.A. May. 31, 2006), *aff'g* No. A 78 759 278 (Immig. Ct. N.Y. City Nov. 12, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 304–05 (2d Cir.2007).

However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ Substantial evidence supports the IJ's conclusion that Chen failed to establish that he would more likely than not be tortured upon return to China for illegally emigrating to the United States. In support of his CAT claim, Chen testified that a friend of his who had left China illegally had been detained upon his return. Chen additionally relied on country condition reports indicating that some Chinese prisoners are tortured. As this Court has previously found, evidence that "there is a risk that any individual detainee in China may be subjected to repressive conditions in prison" is insufficient to compel a finding that a specific alien would more likely than not be tortured if imprisoned on return to China. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–61 (2d Cir.2005). Contrary to Chen's assertion, the IJ did not fail to consider the country condition reports in the record. Indeed, the IJ specifically identified each report and concluded that the reports did not indicate that Chen would be tortured upon return to China. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n. 17 (2d Cir. 2006) (holding that the agency need not engage in "robotic incantations" to show that it examined each piece of evidence).

■ Additionally, we lack jurisdiction to review Chen's argument that he is entitled to asylum. Chen did not seek asylum before the IJ or in his appeal to the BIA.

As petitioners must raise claims to the BIA to preserve them for judicial review, we dismiss Chen's petition for review to the extent he seeks asylum. *See* 8 U.S.C. § 1252(d)(1).

In addition to the statutory requirement that petitioners must exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). As such, because Chen failed to seek CAT relief based on his possible torture by smugglers before the agency, and because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider this issue. *See id.* at 124.

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. Having completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).